O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HECTOR FARIAS | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. L-05-126 |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| INSURANCE COMPANY | § | |
| | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending are Plaintiff Hector Farias' motions for remand and for leave to amend his complaint. (Docket No. 11, Docket No. 16). The motions will be denied without prejudice.

### I. Factual and Procedural Background

Farias sued Allstate, his home insurance company, in Texas state court. He alleged that wind and hail damaged his home, and that Allstate violated his policy by failing to reimburse him for repair and replacement costs. Allstate removed the case to federal court on the basis of diversity jurisdiction. (Docket No. 1). Allstate's notice of removal stated that Farias is a Texas citizen, and that Allstate is a Lloyd's plan insurer whose underwriters are citizens of Illinois and Virginia. The amount in controversy is not at issue.

Farias filed a combined motion to remand and a motion to amend,

1

on July 1, 2005, seeking to remand on three grounds: that the parties were not diverse, that Allstate's notice of removal was not timely, and that he wished to add four local defendants who would destroy diversity. (Docket No. 11). On August 2, 2005, Plaintiff filed an amended motion seeking leave to join a fifth local defendant.  (Docket No. 16).  The five proposed additional defendants are:

1.    Allstate  Texas  Lloyd's  Insurance  Company,  Inc., ("Allstate, Inc."), the attorney-in-fact for Allstate.[1] Farias alleges that Texas law requires that insurance underwriters appoint a Texas-based "attorney-in-fact" before doing business in Texas.

2.    Rimkus  Consulting  Group,  Inc.  Farias  alleges  that Allstate hired Rimkus to prepare a false inspection report. Allstate supposedly used the report as a pretext for denying Farias' insurance claims.

3.    Omar  Ali  Abed,  an  insurance  adjustor  and  Allstate employee.  Farias alleges that Abed submitted false findings to Allstate, and that Abed was motivated by racial prejudice.

4. and 5. The Julio C. Marines Insurance Agency, Inc.

---

[1] In his proposed amended complaint Farias listed the two Allstate entities as separate parties, calling them "Allstate Texas Lloyds Insurance Company" and "Allstate Texas Lloyds Insurance Company, Inc.," but stated that both parties would be called "Allstate." (Docket No. 13 at 2).  The Court will refer to the original defendant as "Allstate" and the proposed defendant, the attorney-in-fact, as "Allstate, Inc."

("Marines"), and Ramon F. Perales, an insurance sales
agent.  Farias is uncertain which of these sold the
policy in question.

### II. Diversity Between Plaintiff and Defendant

Farias argues that Allstate's notice of removal was
defective on its face even without adding the non-diverse
parties.  He claims that Allstate is not diverse because it is
licensed to do business exclusively in Texas.  For diversity
jurisdiction, the relevant issue under 28 U.S.C. § 1332 is
*citizenship*, not place of doing business.  The citizenship of a
Lloyd's plan insurer is determined by the citizenship of its
underwriters.  Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3
F.3d 877, 882-83 (5th Cir. 1993)(internal citations
omitted)(finding that there was complete diversity between a
Texas citizen and a Lloyd's plan insurer doing business in
Texas).  Farias has not disputed that Allstate's underwriters are
citizens of Illinois and Virginia.

In subsequent filings Farias makes the additional argument
that Allstate, Inc., Allstate's attorney-in-fact, played a key
role in the transactions at issue and that it, as a Texas
citizen, destroys diversity.  That argument is irrelevant unless
and until Allstate Inc. is joined as a party. See id., 3 F.3d at
882-83 (finding that the citizenship of an insurance company's
attorney-in-fact was irrelevant for diversity purposes).  The

3

Court concludes that diversity existed at the time of removal.

### III. Timeliness of Removal

Farias next asserts that he is entitled to remand because Allstate made an untimely filing of an affidavit supplementing its removal notice.  Farias has provided no authority, and the Court has found none, requiring Allstate to submit supporting affidavits with its removal notice.  The pertinent statute, 28 U.S.C. § 1446(a), requires a notice of removal with a "short and plain statement of the grounds for removal."  Allstate timely complied with that requirement.

### IV. PROPOSED ADDITION OF NON-DIVERSE DEFENDANTS

Farias now seeks to add five local defendants.  It must be noted at the outset that the issue is not improper or fraudulent joinder, which is the issue in many of the cases Farias cites. See Cobb v. Delta Exports, Inc., 186 F.3d 675 (5th Cir. 1999)(describing the difference between fraudulent joinder and post-removal amendment).  In improper joinder cases the burden is on the removing party, and doubts are resolved in favor of the party seeking remand.  See, e.g., Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000).  By contrast, whether to allow an amendment that will destroy diversity jurisdiction is a matter within the Court's discretion.  See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)(internal citations omitted).  Here, Farias sued only one, diverse, defendant in state court.

**4**

As such the case was properly removed to federal court.

While leave to amend is usually freely granted "when justice so requires", Fed. R. Civ. P. 15(a), the Court must scrutinize amendments that destroy diversity more carefully, weighing the danger of parallel federal/state litigation and the risk of inconsistent results on the one hand against a defendant's statutory interest in a federal forum on the other. Hensgens, 833 F.2d at 1182.  The factors the Court may consider include whether Farias unreasonably delayed asking for amendment, whether he will be significantly injured if amendment is not allowed, and whether he has valid reasons for seeking amendment besides a desire to destroy diversity.  See id.

Farias misstates the standard for allowing amendment of non-diverse parties.  He asserts that "each and every disputed fact and ambiguity in the controlling state law" must be resolved in his favor as the party seeking remand. (Docket 16). The first case he cites in support establishes only that a removing party must initially establish subject-matter jurisdiction. Estate of Martineau v. ARCO Chemical Cop., 203 F.3d 904, 910 (5th Cir. 2000).  Allstate has done this.  Martineau has no bearing on whether to allow a post-removal amendment to destroy diversity. The second, Diaz v. Sheppard, stands for the same principle, but deals with federal question jurisdiction, not diversity.  85 F.3d 1502, 1505 (11th Cir. 1996).  The third, Hart v. Bayer, deals

with fraudulent joinder. 199 F.3d 239, 246 (5th Cir. 2000).

On October 14, 2005, Farias submitted a supplemental brief asking the Court to note an additional three cases.  (Docket No. 32).  He did not provide any analysis, or show how these cases support any of his legal arguments.  Nevertheless, the Court has examined them.  Two of them discuss improper joinder, and thus are of little relevance to the jurisdictional issue in this case.  Archer v. Allstate Ins. Co., 2005 WL 1155059 (S.D. Tex. 2005); Montes v. American Home Assurance Co., 2005 WL 1540170 (N.D. Tex. 2005).  The third, in which a federal court allowed amendment of a diversity-destroying party, only confirms that the propriety of a proposed amendment requires an analysis of the Hensgens factors as they apply in each case.  Villarreal v. United of Omaha Life Ins. Co., 2005 WL 1515469 (S.D. Tex 2005).  The Court therefore turns to the allegations in the present case.

Preliminarily, Farias has not unreasonably delayed in seeking to join new parties.  He filed his first motion for leave to amend on July 1, 2005, approximately one month after Allstate's notice of removal was filed on June 2, 2005.  Farias seeks to sue each of the proposed defendants on one or more of the following claims: violations of the Texas Insurance Code Art. 21.21 § 4(10)(a)(ii), (iii), (iv) and (viii) and 21.21-6; violations of the DPTA  § 17.46(b)(2)(3)(4)(5),(12) and (24); common law fraud; breach of contract; and breach of the common

6

law duty of good faith and fair dealing.  Farias also alleges
that some of these violations were committed as part of a
conspiracy among the potential defendants.

   With respect to whether Farias has a reason to seek joinder
of the potential defendants, besides a desire to destroy
diversity, the parties had done little or no discovery when
Farias filed his proposed amendment. Thus, Farias had essentially
the same information at his disposal when he filed his petition
in state court and apparently saw no need to include these
parties at that time.

   It might be reasonable to seek joinder of an additional
defendant if another source of funds is needed to satisfy a
damages award.  See Doleac v. Michalson, 264 F.3d 470, 474 (5th
Cir. 2001)(allowing a plaintiff suing a doctor for wrongful death
to join a non-diverse medical imaging company).  However, there
is no indication that Allstate, a large insurance company, would
be unable to pay a judgement if it is found liable.  It is not
likely that any of the local defendants would provide pockets
deeper than Allstate's.

   There seems little reason for believing that the local
defendants are liable for additional damages beyond anything
Allstate may owe.  Presumably Farias' damages for repair and
replacement are limited by the provisions of his insurance
policy.  Admittedly, he states that he wishes to add the

7

potential defendants to recover "treble damages, double damages,
statutory penalties" and "common law exemplary damages", among
other remedies. (Docket No. 13).  However, he does not make clear
what specific statutory provisions or case law would apply to
each party to authorize these remedies.

Farias asserts that he may be significantly injured if the
amendment is denied because he would be forced to waste time and
expense trying essentially the same case in both state and
federal court, and would face the risk of inconsistent judgments.
The validity of that argument would necessarily depend on the
viability of the claims against the local defendants.  Though
Farias has made several claims against the proposed defendants,
he has provided little or no authority to show that the law
allows the causes of action he asserts.

He makes a global allegation of fraud against all the
parties. (Docket No. 13).  Fraud must be pled with particularity,
and includes an element of reliance that Farias has not shown.
See Williams v. WMX Techs., 112 F.3d 175, 177 (5th Cir. 1997).
For example, Farias has not specified what actions he took due to
reliance on the report Rimkus prepared for Allstate's benefit.
Nor does he indicate how he relied on Abed's statements, as he
had already bought the policy when Abed inspected the property.
See also id. at 177 (requiring that state law fraud claims raised
in federal court be pled with particularity according to Fed. R.

Civ. P. 9(b)).

The Court is also skeptical of Farias' allegation that
Allstate, Inc., Abed and Rimkus conspired to violate the common
law duty of good faith and fair dealing.  (Docket No. 13).  In
the insurance context, this duty stems from the "special
relationship" created by the contract between the insured and the
insurer; the duty only exists between the contracting parties.
See Lyons v. Lindsey Morden Claims Mgmt Inc., 985 S.W.2d 86,
(Tex. App.—El Paso 1998, reh'g overruled), citing Natividad v.
Alexsis, Inc., 875 S.W.2d 695 (Tex. 1994) (noting that the agents
and contractors of insurance carriers are not liable for breach
of the duty of good faith and fair dealing).  Farias has not
shown that he had a contractual relationship with Allstate, Inc.,
Abed, or Rimkus.  Farias only alleges that he has a contractual
relationship with Allstate.

Farias' DPTA claims are based on the premises that, first,
Farias would not have bought the policy at issue had he realized
that Allstate's underwriters were residents of other states and,
second, that the policy sales agents should have told Farias that
Allstate had improper claims handling procedures.  The first
argument borders on the frivolous; the second is circular.
Whether or not Allstate handles claims improperly is the very
question at issue in this suit.

Farias also makes claims for violations of settlement

9

practices provisions of the insurance code. He may sue Allstate for any violations without adding the other parties.

He also makes a separate claim against Abed, an insurance adjuster employed by Allstate, for unfair racial or national origin discrimination.  Farias' October 14 supplement presents case law supporting a cause of action under Article 21.21 against insurance adjustors.  <u>Montes v. American Home Assurance Co.</u>, 2005 WL 1540170 (N.D. Tex. 2005).  However, in that case the issue was whether the plaintiff had improperly joined the adjustor and other defendants in his initial pleading.  Whether or not a viable cause of action exists is not the only factor for the Court to consider in the amendment context.  Farias did not name Abed until the case had been removed, and has not shown that Abed can provide any remedy that Allstate cannot.  On the present record Abed's inclusion appears to serve no purpose besides defeating diversity.

Lastly, Farias makes global accusations of conspiracy. Under Texas law, principals and agents are treated as if they are the same entity; the acts of principals and agents cannot constitute a conspiracy.  <u>Lyons</u>, 985 S.W.2d at 91.  If any of the parties are Allstate's agents, the conspiracy claims against them may fail as a matter of law.  Farias has provided no legal theory or analysis that would alleviate this concern.

10

### IV. Conclusion

The Court must balance the interests of both parties.  The diversity statute grants Allstate the right to a federal forum. At this time the Court finds little on Farias' side to weigh against Allstate's statutory interest.  Accordingly, his motions for leave to amend and for remand are DENIED.  If subsequent discovery and legal analysis support a different result, the Court can consider a later motion in due course.  Obviously, Farias is also free to consider dismissing his current petition against Allstate and filing a new one, including all the proposed defendants, in state court.

DONE at Laredo, Texas, this 21st day of March, 2006.

George P. Kazen
United States District Judge

11